### AUGUSTA J. BODE v. LOUIS WERNER.

1. DETRIMENT TO PROMISEE OF NOTE A SUFFICIENT CONSIDERATION.

   As detriment or loss to the promisee of a negotiable promissory note is a sufficient consideration to support the promise of the maker, want of consideration moving to the promisor is, alone, insufficient as a defense to an action on the note, as the possible fact of detriment or loss to the promisee is not thereby precluded.

2. DELIVERY OF NEGOTIABLE INSTRUMENT PRESUMED AND NEED NOT BE PLEADED.

   Delivery need not be specially pleaded in an action to recover on a negotiable instrument, as it is, as a general rule, presumed from the mere possession of the note; the word "promised" in the petition implies delivery, and, in such event, an answer alleging that defendant did not deliver the note to plaintiff does not set up new affirmative matter calling for a reply.

3. MAKER MAY MAKE PAYMENT TO HOLDER, WHEN.

   Where a negotiable promissory note is not, at its maturity, in the hands of the payee whose indorsement appears thereon, the maker may proceed upon the assumption that it has been transferred, and make payment to the holder.

4. NOTE IN EVIDENCE MAKES PRIMA FACIE CASE.

A *prima facie* case in favor of plaintiff is made out by his offering in evidence a negotiable promissory note, and the burden of proof is then cast upon the defendant; and where the latter offered no evidence, the plaintiff is entitled to a verdict and judgment in his favor.

**Goebel & Bettinger,** for plaintiff in error.

**W. A. Hicks** and **G. W. Hengst,** for defendant in error.

**JELKE, J.**

Louis Werner, plaintiff below, sued Augusta J. Bode as endorser, by filing the usual short form petition on a promissory note, to which the following answer was made:

"And now comes the defendant and for answer to the plaintiff's petition says that she denies that there is due the plaintiff from her as endorser the sum of $1,000 with interest, or any other sum.

"Defendant further says that she did not deliver said note to said plaintiff, and did not cause the same to be delivered to him, and that he did not pay to her any consideration for the same.

"Wherefore, she prays that said plaintiff be ordered to deliver said note to her and for all other and proper relief."

To this answer no reply was filed.

On the trial plaintiff offered the note and counsel for Augusta J. Bode objected to the offering of any testimony on the ground that the issue was not closed by a reply. The objection was overruled, and exception noted, whereupon both sides rested and the court directed the jury to bring in a verdict for plaintiff.

We are of opinion that the above answer does not set up new affirmative matter, making a reply necessary.

On the subject of consideration the answer is insufficient.

"An answer to a suit on a promissory note, averring that there was no consideration for it, moving to the promisor, is not sufficient as a defense, as it does not preclude the possible fact that there was detriment or loss to the promisee, which constitutes a consideration for a promise as well as a benefit to the promisor. Dalrymple v. Wyker, 60 Ohio St. 108 [53 N. E. Rep. 713].

It is likewise insufficient on the subject of delivery.

"Delivery need not be specially averred in the declaration upon a note or bill. The word 'promised' or 'made' sufficiently implies delivery in pleading. Delivery, is in general, presumed from possession of the bill or note." Randolph, Com. Pap. Sec. 217.

"If the maker of a negotiable promissory note does not find it in the hands of the payee, when it falls due, he should presume, as the law presumes, that it has been transferred, and pay it when and where he finds it.   Poland, J." Griswold v. Davis, 31 Vt. 390.

Also see last sentence of Sec. 3171o of the new negotiable instrument code:

"And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved," which, as a statute, has no application to this case but is a statement of the common law incorporated into the code.

Giving this answer its greatest merit it must be looked at as a general denial of the essential averments of the petition and as such not requiring a reply.

The note made out a *prima facie* case and put the burden on the defendant below, who offered no testimony, and hence the verdict and judgment upon the same were right and will be affirmed.

Giffen and Swing, JJ., concur.